KAMERMAN, UNCYK, SONIKER & KLEIN P.C.

COUNSELORS AT LAW

1700 BROADWAY, 16TH FLOOR

NEW YORK, NEW YORK 10019

————

(212) 400-4930

June 25, 2026

**VIA ECF**

The Honorable Analisa Torres
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Application GRANTED. Defendant's deadline to file its motion to dismiss is extended until **August 25, 2026**. The Clerk of Court is respectfully requested to terminate ECF 10.

Dated:   June 25, 2026
        New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

Re: Lap-Sun Chan v. Wizards of the Coast, LLC. C.A. No. 1:26-cv-04680

Your Honor,

We represent defendant Wizards of the Coast, LLC ("Wizards")[1] in this action; a copy of this letter has been served to the Plaintiff, Lap-Sun Chan, via mail. As briefly discussed below, Wizards was never properly served and never received a request for waiver of service, but given Plaintiff's *pro se* status Wizards has opted to mail Mr. Chan a waiver today regardless. Given that odd procedural posture, I write pursuant to Your Honor's individual and *pro se* rules to ask the Court to issue an Order confirming that Wizards' deadline to respond in this case is August 25, 2026, 60 days from its provision of the waiver.

As reflected in Plaintiff's Affirmation of Service, D.I. 4, Plaintiff mailed his Complaint to Wizards. Dkt. 4. Service of initial pleadings cannot be accomplished by mail, and in any event Plaintiff did not serve a summons. As such, Wizards has *not* been properly served in this action. To avoid a pointless back and forth while Plaintiff figures out how to properly serve, and save Plaintiff needless expense, Wizards has opted to waive service, and has mailed Mr. Chan an executed waiver. But that raises a procedural issue not contemplated by the Rules of Civil Procedure.

Rule 4(d) sets the response deadline for a Defendant who has returned a waiver of service to 60 days *from the date of the request*. Fed. R. Civ. P. 4(d)(3). But no request was made here, so there is no Rule 4(d) triggering date. And, arguably, without the Plaintiff having requested a waiver Wizards' response might be due only 30 days from its acceptance of service. Rather than attempt to resolve this ambiguity, we respectfully ask that the Court set August 25, 2026 as Wizards' deadline to move to dismiss.

Respectfully Submitted,

/s/ *Akiva M. Cohen*
Akiva M. Cohen

---

[1] Plaintiff identified Defendant as "Dungeons and Dragons Wizards of the Coast LLC." "Dungeons and Dragons" is a game, and not a legal entity, and Wizards is the only actual defendant in this action.