# EXHIBIT 31

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 3 0 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KENNETH ENG,

Plaintiff,

-against-

CAPTAIN BLUE HEN COMICS,

Defendant.

**MEMORANDUM & ORDER**

**14-CV-3631 (ENV) (LB)**

KENNETH ENG,

Plaintiff,

-against-

MATT BURGER,

Defendant.

**14-CV-3632 (ENV) (LB)**

KENNETH ENG,

Plaintiff,

-against-

RADIO COMIX; UNKNOWN AUTHOR OF PSEUDONYM "SMUDGE" and/or "GARCIA,"

Defendants.

**14-CV-3810 (ENV) (LB)**

**222 F.3d 99, 112 (2d Cir. 2000). However, his first complaint is dismissed without prejudice and with leave to replead, taking into account the analysis contained in this Order. Should plaintiff decide to file an amended complaint, it shall be captioned "Amended Complaint," and shall bear the same docket number as the original, 14-CV-3631. Plaintiff is advised that an amended complaint will completely replace the original complaint. If plaintiff fails to timely file an amended complaint within 30 days of the entry of this Order on the docket, his case will be dismissed, and final judgment entered for defendant.**

**The Court notes that plaintiff has filed seven in forma pauperis actions in this Court over the past eight months, including four recent actions all alleging copyright infringement. See Eng v. Carter, No. 13-CV-4855 (dismissed by order dated November 11, 2013, pursuant to 28 U.S.C. § 1915(e)(2)(B)); Eng v. Dixon, No. 14-CV-1501 (dismissed with prejudice by order dated May 6, 2014, pursuant to 28 U.S.C. § 1915(e)(2)(B)); Eng v. Reichardt et al., No. 14-CV-1502 (dismissed with prejudice by order dated June 9, 2014, pursuant to 28 U.S.C. § 1915(e)(2)(B)); Eng v. Baldwin, 14-CV-1644 (order dated May 19, 2014, granting plaintiff leave to file an amended complaint regarding his copyright infringement claim). Plaintiff is hereby warned that if he continues to file repeated frivolous complaints he may be subject to a filing injunction or the imposition of monetary sanctions upon notice and opportunity to be heard. See Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000).**

**The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X

KENNETH ENG,

Plaintiff,

-against-

CAPTAIN BLUE HEN COMICS,

Defendant.

JUDGMENT
14-CV- 3631 (ENV)

----------------------------------------------------X

KENNETH ENG,

Plaintiff,

-against-

MATT BURGER,

Defendant.

14-CV- 3632 (ENV)

----------------------------------------------------X

KENNETH ENG,

Plaintiff,

-against-

RADIO COMIX; UNKNOWN AUTHOR OF
PSEUDONYM “SMUDGE” and/or “GARCIA,”

Defendants.

14-CV- 3810 (ENV)

--------------------------------------------------------X

A Memorandum and Order of Honorable Eric N. Vitaliano, United States District Judge, having been filed on June 30, 2014, dismissing the three complaints, filed in forma pauperis, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim; dismissing Plaintiff’s

**JUDGMENT** 14-CV3632 (ENV)

second and third complaints with prejudice; dismissing Plaintiff's first complaint without prejudice and with leave to replead, taking into account the analysis contained in the Court's Memorandum and Order; ordering that should Plaintiff decide to file an amended complaint, it shall be captioned "Amended Complaint," and shall bear the same docket number as the original, 14-CV-3631; advising Plaintiff that an amended complaint will completely replace the original complaint; further, ordering that if Plaintiff fails to timely file an amended complaint within 30 days of the Court's Memorandum and Order on the docket, his case will be dismissed, and final judgment entered for Defendant; warning Plaintiff that if he continue to file repeated frivolous complaints he may be subject to a filing injunction or the imposition of monetary sanctions upon notice and opportunity to be heard; certifying pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's Memorandum and Order would not be taken in good faith; and denying in forma pauperis status for the purpose of an appeal; it is

ORDERED and ADJUDGED that Plaintiff's second and third complaints are dismissed with prejudice; that pursuant to 28 U.S.C. § 1915(a)(3) any appeal from the Court's Memorandum and Order would not be taken in good faith; and that in forma pauperis status is denied for the purpose of an appeal.

Dated: Brooklyn, New York
June 30, 2014

Douglas C. Palmer
Clerk of Court

by: */s/ Janet Hamilton*
Deputy Clerk

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 10 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
KENNETH ENG,

Plaintiff,

-against-

CAPTAIN BLUE HEN COMICS,

Defendant.
----------------------------------------------------X

JUDGMENT
14-CV- 3631 (ENV)

An Order of Honorable Eric N. Vitaliano, United States District Judge, having been filed on December 10, 2014, dismissing the action with prejudice; certifying pursuant to 28 U.S.C. § 1915(A)(3) that any appeal from the Court's Order and Judgment would not be taken in good faith would not be taken in good faith; and denying *in forma pauperis* status for purpose of an appeal; it is

ORDERED and ADJUDGED that the action is dismissed with prejudice; that pursuant to 28 U.S.C. § 1915(A)(3) any appeal from the Court's Order and Judgment would not be taken in good faith; and that *in forma pauperis* status is denied for purpose of an appeal.

Dated: Brooklyn, New York
December 10, 2014

Douglas C. Palmer
Clerk of Court

by: /s/ Janet Hamilton
Deputy Clerk

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 11 2014 ★
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

**KENNETH ENG,**

**Plaintiff,**

**-against-**

**TIM CUSHING and TECHDIRT,**

**Defendants.**

---------------------------------------------------------------x

**MEMORANDUM & ORDER**

**14-cv-3905 (ENV)**

---------------------------------------------------------------x

**KENNETH ENG,**

**Plaintiff,**

**-against-**

**JOE ROSEN, PACERMONITOR.COM, and HARROS, LLC,**

**Defendants.**

---------------------------------------------------------------x

**MEMORANDUM & ORDER**

**14-cv-3912 (ENV)**

**VITALIANO, D.J.,**

**On June 17, 2014, plaintiff Kenneth Eng, who is self-represented, initiated a lawsuit against defendants Tim Cushing, an author of online content, and TechDirt, an online source of technology-related news (the "Cushing defendants"). Eng alleges that Cushing and TechDirt illegally published his address and "other private information" about him. To his complaint, Eng attaches a copy of one of Cushing's**

**("Certainly, there is no question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record."); *see also Application of Nat'l Broad. Co., Inc.*, 635 F.2d 945, 950 (2d Cir. 1980) ("common law right to inspect and copy public records originally permitted copying the content of written documents" in court proceedings). In short, it was not defendants that thrust Eng's home address into the public record: it was Eng, himself, and he has done so repeatedly. Defendants, by merely reproducing Eng's court filings and reporting on his legal antics, have committed no impropriety, and plaintiff can state no claim against them on those grounds.**

**<u>Conclusion</u>**

**For the foregoing reasons, Eng has failed to state claims upon which relief may be granted, and his factual allegations make clear that, even if amended, his pleadings could not possibly state any valid cause of action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), therefore, Eng's complaints are dismissed in their entirety with prejudice.**

**Eng has, the Court's records reflect, filed a spate of these meaningless lawsuits in recent weeks. In light of his ongoing practice of filing lawsuits of this frivolous nature, the Court again reiterates its warning that, should he continue to file such lawsuits, he will face a filing injunction and/or monetary sanctions, upon notice and opportunity to be heard. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000); *see also Eng v. Captain Blue Hen Comics, et al.*, Nos. 14-cv-3631, 14-cv-3632, 14-cv-3810 (E.D.N.Y. June 30, 2014).**

**The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would**

**not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).**

**The Clerk of Court is directed to enter judgment in both cases and to close them for administrative purposes.**

**SO ORDERED.**

**Dated: Brooklyn, New York**
**July 1, 2014**

s/Eric N. Vitaliano

**ERIC N. VITALIANO**
**United States District Judge**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 18 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KENNETH ENG,

Plaintiff,

-against-

OFFICER X,

Defendant.

**MEMORANDUM & ORDER**

14-CV-4036 (ENV) (LB)

VITALIANO, D.J.

On June 27, 2014, pro se plaintiff Kenneth Eng filed this action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. The Court grants plaintiff's collateral application, pursuant to 28 U.S.C. § 1915, to proceed in forma pauperis. For the reasons that follow, Eng's complaint is dismissed with prejudice.

## Background

The gravamen of plaintiff's claim is that he witnessed defendant, a police officer with the New York City Police Department ("NYPD"), discriminate against a fellow officer on the basis of her race. Compl. ¶ III. Eng does not describe the nature of defendant's alleged discriminatory acts. Instead, the complaint consists of a diatribe of racial epithets, slurs and stereotypes, along with plaintiff's conclusory assertion that defendant was "discriminating against and abusing his partner" because of her race. Id.

another officer. Since there is no employment relationship between plaintiff and defendant, Eng may not invoke the protections of Title VII. As a result, his claims are dismissed. 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

For the foregoing reasons, plaintiff's complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

As the Court has already noted in two previous opinions, Eng has filed a spate of these meaningless lawsuits in recent weeks. The Court reiterates its warning that, should he continue to file frivolous actions, he will face a filing injunction and/or monetary sanctions, upon notice and opportunity to be heard. See Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 5, 2014

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge

Case 1:14-cv-04948-LAP Document 3 Filed 09/16/14 Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH ENG,

Plaintiff,

-against-

CREATORS OF THE PHILOSORAPTOR WEBSITE,

Defendants.

14-CV-4948 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 17 U.S.C. § 501, alleging copyright infringement. By order dated July 24, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff alleges that the website "The Philosoraptor" (http://www.philosoraptor.com), has infringed on one of his characters, Philosoraptor, from his book "The 0th Dimension." Plaintiff claims that both his and Defendants' characters are anthropomorphic raptors. He alleges that his

Case 1:14-cv-04948-LAP Document 3 Filed 09/16/14 Page 6 of 7

3905 (E.D.N.Y. July 15, 2014) (same); *Eng v. Radio Comix*, No. 14-CV-3810 (E.D.N.Y. June 30, 2014) (same); *Eng v. Burger*, No. 14-CV-3632 (E.D.N.Y. June 30, 2014) (same); *Eng v. Captain Blue Hen Comics*, No. 14-CV-3631 (E.D.N.Y. June 30, 2014) (dismissing copyright action dismissed without prejudice and warning that further frivolous lawsuits could result in a filing injunction or monetary sanctions).

In light of Plaintiff's litigation history, as the Eastern District has done already, this Court now warns Plaintiff that the continued filing of frivolous or meritless lawsuits will result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651. This warning is necessary in light of Plaintiff's failure to heed the Eastern District's warnings on the continued filing of frivolous and meritless lawsuits.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket and to mail a copy of this order to Plaintiff. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is warned that the further filing of frivolous or meritless complaints will result in an order barring him from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

Dated: September 16, 2014
New York, New York

LORETTA A. PRESKA
Chief United States District Judge

Case 1:14-cv-04677-LAP Document 6 Filed 10/29/14 Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH ENG,

Plaintiff,

-against-

AUDREI LINDE,

Defendant.

14-CV-4677 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff brings this *pro se* action alleging copyright infringement. By order dated August 12, 2014, the Court granted Plaintiff leave to amend his complaint to address the deficiencies in his original pleading. Plaintiff filed an amended complaint on August 22, 2014. The Court dismisses Plaintiff's claims for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this copyright claim against Defendant, alleging that Defendant "published an idea that the universe and everything in it is conscious." (Am. Compl. at 1.)

(S.D.N.Y. filed June 12, 2014) (copyright action); *Eng v. Creators of the Philosoraptor*, No. 14-CV-4948 (filed June 12, 2014) (copyright action); *Eng v. Casey*, 14-CV-3734 (S.D.N.Y. filed May 8, 2014) (copyright action); *Eng v. Burger*, No. 14-CV-3632 (E.D.N.Y. June 30, 2014) (copyright action dismissed for failure to state a claim); *Eng v. Captain Blue Hen Comics*, No. 14-CV-3631 (E.D.N.Y. June 5, 2014) (copyright action dismissed without prejudice with leave to replead); *Eng v. B3 Legal*, No. 14-CV-2442 (JPO) (S.D.N.Y. filed Apr. 7, 2014); *Eng v. RFR Realty*, No. 14-CV-2485 (LAP) (S.D.N.Y. May 27, 2014) (dismissed for lack of subject matter jurisdiction); *Eng v. Bellevue Hosp.*, No. 14-CV-2516 (S.D.N.Y. July 8, 2014) (dismissed for failure to state a claim); *Eng v. Corrections Dep't of NYC*, No. 14-CV-2365 (LAP) (S.D.N.Y. filed Mar. 27, 2014); *Eng v. Baldwin*, No. 14-CV-1644 (ENV) (LB) (E.D.N.Y. June 30, 2014) (copyright claim dismissed for failure to state a claim); *Eng v. Reichardt*, No. 14-CV-1502 (E.D.N.Y. June 10, 2014) (copyright and civil rights claims dismissed for failure to state a claim); *Eng v. Dixon*, No. 14-CV-1501 (ENV) (LB) (E.D.N.Y. May 6, 2014) (dismissed as time-barred and for failure to state claim); *Eng v. City of New York*, No. 06-CV-5206 (VM) (HBP) (S.D.N.Y. May 11, 2007) (settled).

In light of Plaintiff's litigation history, particularly with respect to claims of copyright infringement, this Court finds that Plaintiff was or should have been aware of the elements of a copyright claim when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, Plaintiff is warned that further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 27, 2014
New York, New York

LORETTA A. PRESKA
Chief United States District Judge