**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAP-SUN CHAN<br>Plaintiff,<br>-against-<br>WIZARDS OF THE COAST LLC<br>Defendants. | C.A. NO. 1:26-CV-04680-AT-RFT<br><br>**SUPPLEMENTAL DECLARATION OF AKIVA M. COHEN IN SUPPORT OF DEFENDANT'S RULE 11 MOTION** |

I, Akiva M. Cohen, declare as follows:

1. I am an attorney with Kamerman, Uncyk, Soniker & Klein, P.C., counsel to Wizards of the Coast LLC in this action. I make this declaration based on my personal knowledge of the facts herein, and could and would testify to them competently if necessary.

2. On July 28, 2026, Wizards served Plaintiff with its Rule 11 letter and a copy of its proposed motion. Plaintiff did not respond to the letter, and he did not withdraw or amend his complaint during the 21-day safe-harbor period.

3. Wizards filed the Rule 11 Motion on September 3, 2026. Plaintiff did not file an opposition.

4. Plaintiff did not appear at the Court conferences scheduled for September 4, 2026 and September 16, 2026, each of which I attended on behalf of Wizards. On September 16, after the conference was adjourned, Plaintiff called me. On that call, he explained that he had skipped the conference because he had been tied up "on another call" and indicated his view that while he "used to" file frivolous lawsuits, he no longer did that and believed his claims in this action were meritorious, but had nevertheless filed a letter to withdraw his claims in this action because he no longer had time to pursue them. I explained to Mr. Chan that we had already filed our sanctions

motion in this action, but that we would be willing to withdraw the motion if he would stipulate to dismissal with prejudice and a pre-filing injunction. He did not respond to that offer.

5. Attached as **Exhibit 1** are true and correct copies of three emails that Plaintiff sent to me on September 12 and 16, 2026.

6. By letter dated September 13, 2026 but entered on the docket only on Friday, September 18, 2026 (Dkt. 27), Plaintiff asked that this case be dismissed. I had prepared a response to that letter and was finalizing it on my return to the office from Yom Kippur when the Court entered its Order on September 21, 2026 (Dkt. 28).

7. Attached as **Exhibit 2** are true and correct copies of the most recent docket filings, excluding his letter for dismissal, by Plaintiff in Chan v. Phipps, No. 1:26-cv-05083 (S.D.N.Y.), filed July 15, 2026; Chan v. Troma Entertainment, No. 1:26-cv-06960 (S.D.N.Y.), filed August 14, 2026; and Chan v. Shutterstock, No. 1:26-cv-07138 (S.D.N.Y.), filed August 21, 2026.

8. Attached as **Exhibit 3** are true and correct copies of KUSK's contemporaneous billing records for this action. Wizards incurred approximately $70,472.25 in attorneys' fees for reviewing and responding to the complaint, preparing and serving the Rule 11 letter, briefing the Motion to Dismiss and the Rule 11 Motion, preparing for and attending the two conferences, and responding to Plaintiff's request to dismiss.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: October 14, 2026
New York, New York

**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**

By: */s Akiva M. Cohen*

Akiva M. Cohen, Esq.
1700 Broadway, 16th Floor
New York, New York 10019
Tel: (212) 400 – 4930
Fax: (866) 221 – 6122
acohen@kusklaw.com
*Attorneys for Defendant Wizards of the Coast, LLC*