**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAP-SUN CHAN<br>Plaintiff,<br><br>-against-<br><br>WIZARDS OF THE COAST LLC<br><br>Defendants. | C.A. NO. 1:26-CV-04680-AT-RFT<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS** |

# DEFENDANT WIZARDS OF THE COAST LLC'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**

Akiva M. Cohen, Esq.
1700 Broadway, 16th Floor
New York, New York 10019
Tel: (212) 400 – 4930
Fax: (866) 221 – 6122
acohen@kusklaw.com
*Attorneys for Defendant Wizards of the Coast, LLC*

Wizards[1] respectfully submits this reply memorandum in further support of its motion for sanctions and issuance of a pre-filing injunction. Respectfully, Mr. Chan's submission only confirms the necessity of the requested relief.

Wizards' motion established that: (1) Plaintiff's instant claims were wholly frivolous, for multiple independent reasons; (2) Plaintiff had an extensive history of frivolous litigation, along with five judicial warnings, issued across eight litigations he had filed,[2] that continued frivolous filings would subject him to sanctions; and (3) Plaintiff had received the requisite Rule 11 notice and had failed to withdraw his Complaint within the Rule 11 safe harbor period. Dkt. No. 20. And in response to the Court's directive when it restored this motion to the calendar, Wizards further submitted evidence that Plaintiff had expressly acknowledged that his prior litigations were frivolous and had chosen not to attend the September 16 conference. Dkt. No. 33, ¶ 4 and Ex. 1. The precedent cited in the Opening Brief fully supported grant of the relief sought on this motion.

Plaintiff's responsive filing (Dkt No. 34) addresses neither those facts nor their legal effect. Instead, he argues that he dismissed his action in response to a purported representation by undersigned counsel, in a conversation he dates as occurring on or about September 21, 2026, that if he dismissed his claims Wizards would not seek further relief. But Plaintiff has, yet again, fallen afoul of that most remorseless of opponents, linear time: his request to dismiss this action is dated September 13 and was received by the *Pro Se* Office on September 14, a week before the supposed conversation. Dkt. No. 27. Simply put, Plaintiff's voluntary dismissal of this action was not made as a result of or in response to any offer from Wizards to withdraw the sanctions motion.

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in Wizards' opening memorandum of law in support of the instant motion, Dkt. No. 20 (the "Opening Brief" or "OB").

[2] One of the warnings was given in an order dismissing three of the cases Plaintiff had filed. *See Eng v. Captain Blue Hen Comics,* No. 14-CV-3631 ENV LB, 2014 WL 2941280, at *3 (E.D.N.Y. June 30, 2014) ("Plaintiff is hereby warned that if he continues to file repeated frivolous complaints he may be subject to a filing injunction or the imposition of monetary sanctions upon notice and opportunity to be heard.").

In any event, no such conversation ever occurred, and – whether Plaintiff is intentionally fabricating the claim or he sincerely believes his misrepresentation to the Court to be accurate – Plaintiff's contrary representation only highlights the need for a pre-filing injunction. As Mr. Cohen attests in his reply declaration, the only telephone conversation he has ever had with Plaintiff is the one detailed in Paragraph 4 of his Supplemental Declaration (Dkt. No. 33). Reply Declaration of Akiva M. Cohen ("Cohen Reply Dec"), ¶ 2. Attached as Exhibit 1 to the Cohen Reply Dec is Mr. Cohen's contemporaneous report to Wizards, as to which Wizards is waiving privilege, regarding both the September 16 conference that Plaintiff skipped and the September 16 call from Plaintiff. That contemporaneous documentation describes exactly the offer Mr. Cohen laid out in his supplemental declaration: if Plaintiff would consent to both dismissal with prejudice and a pre-filing injunction, Wizards would withdraw the sanctions motion. Cohen Reply Dec, Ex. 1. Plaintiff did not accept, and Wizards has now been required to incur additional legal costs to seek that relief.

Respectfully, the motion should be granted in full, ensuring that Wizards is the last defendant Plaintiff can harass with frivolous litigation in this Court.

Dated: October 23, 2026
New York, New York

**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**

By: */s Akiva M. Cohen*
Akiva M. Cohen, Esq.
1700 Broadway, 16th Floor
New York, New York 10019
Tel: (212) 400 – 4930
Fax: (866) 221 – 6122
acohen@kusklaw.com
*Attorneys for Defendant Wizards of the Coast, LLC*

**CERTIFICATE OF COMPLIANCE**

I certify, pursuant to LCR 7.1(c), that this memorandum of law complies with the applicable word-count limit. As measured by the word-processing system used to prepare it, and excluding the caption, table of contents, table of authorities, signature block, and this certification, this memorandum contains 558 words, which is within the word limit.

By: */s Akiva M. Cohen*
Akiva M. Cohen